IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM BAINER,** **#B39199,**            **Plaintiff,** v. **MICHAEL DUNHAM,** *et al.,*           **Defendants.** | Case No. 25-cv-01362-SPM |

## ORDER OF DISMISSAL

**MCGLYNN, District Judge:**

Plaintiff William Bainer commenced this action pursuant to 42 U.S.C. §1983, while incarcerated at Pinckneyville Correctional Center. (Doc. 1). Upon initiating this case, on July 14, 2025, the Court issued an order directing Plaintiff to file a Notice Regarding Magistrate Judge Jurisdiction form indicating consent to proceed before a magistrate judge or an affirmative declination to consent (consent/declination form) by August 4, 2025. (Doc. 4). Plaintiff was also directed to keep the Court notified of any changes in his address and warned that failure to do so could result in dismissal of this case. (Doc. 5).

Plaintiff missed the deadline to return the consent/declination form and so the Court gave Plaintiff an additional seven days. (Doc. 8). This order, granting Plaintiff a seven-day extension, was returned as undeliverable. The Court then entered a Notice of Impending Dismissal warning Plaintiff that the case would be dismissed for want of prosecution and for failure to comply with court orders if he failed to update his address and file a consent/declination form by September 8, 2025. (Doc. 10). The Notice of Impending Dismissal was sent to Pinckneyville Correctional Center, the address on record, and it too was returned as undeliverable. To date, Plaintiff has failed

1

to update his address. The Court will not allow this matter to linger indefinitely or investigate Plaintiff's whereabouts.

Therefore, this action is **DISMISSED** without prejudice for failure to comply with orders of this Court and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). All pending motions are **DENIED** as moot. (*See* Doc. 3).

If Plaintiff wishes to appeal this order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Plaintiff must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED: October 14, 2025**

      *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**